Filed 7/12/21  P. v. Miller CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DONQUETE MILLER,<br><br>    Defendant and Appellant. | B310536<br><br>(Los Angeles County<br>Super. Ct. No. TA152749) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Sean D. Coen, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

Donquete Miller appeals from the judgment entered after he pleaded guilty to one felony count of contempt of court with a prior similar offense within seven years and was sentenced to two years in state prison.  No arguable issues have been identified following review of the record by Miller's appointed appellate counsel or our own independent review.  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Miller went to the home of his former girlfriend, the mother of his child, in violation of a court order.  He was charged in a criminal complaint with vandalism (Pen. Code, § 594, subd. (a)), misdemeanor battery on a former intimate partner (Pen. Code, § 243, subd. (e)(1)) and misdemeanor contempt of court (Pen. Code, § 166, subd. (c)(1)).  It was specially alleged that Miller had suffered a prior serious felony conviction (robbery) within the meaning of the three strikes law.  (Pen. Code, §§ 667, subds. (b)-(j), 1170.12.)

Prior to his preliminary hearing, Miller waived his right to a jury trial and pleaded guilty to an amended charge of felony contempt of court with a prior similar offense within seven years. (Pen. Code, § 166, subd. (c)(4).)  Before sentencing Miller moved to withdraw his plea based on new policies in the Los Angeles County District Attorney's Office and the victim's statement she no longer wanted restitution.  The court denied the request and sentenced Miller to two years in state prison (the middle term). He was awarded 261 days of presentence custody credit.

Miller filed a timely notice of appeal from the judgment, including the denial of his request to withdraw his plea.  The trial court denied Miller's request for issuance of a certificate of probable cause.

2

## DISCUSSION

We appointed counsel to represent Miller on appeal. After reviewing the record, counsel filed a brief raising no issues. On June 1, 2021 counsel wrote Miller and advised him that counsel intended to file a no-issue brief and that Miller personally could submit his own supplemental letter brief in which he identified any contentions or issues he wished us to consider. We sent a similar notice to Miller on June 1, 2021.

On June 18, 2021 we received a single-page handwritten letter from Miller stating he was wrongly convicted and asking us to delay deciding his appeal until he was released from custody. Our clerk responded on June 24, 2021, sending Miller a copy of our June 1, 2021 notice and explaining that he may file a supplemental brief by July 1, 2021. We have received no further response.

We have reviewed the entire record in this case and are satisfied appellate counsel for Miller has complied with counsel's responsibilities and there are no arguable issues. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The judgment is affirmed.


PERLUSS, P. J.

We concur:


SEGAL, J.                          FEUER, J.

3